## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AYOUB LUZIGA, | : | CIVIL ACTION NO. 3:CV-16-2171 |
| | : | |
| Petitioner | : | (Judge Nealon) |
| | : | |
| v. | : | |
| | : | |
| MARY SABOL, Warden | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner, Ayoub Luziga, an inmate currently confined in the York County Prison, York, Pennsylvania. Luziga challenges the validity of his conviction from the United States District Court for the Southern District of Maryland. Named as the sole respondent is Mary Sabol, York County Prison Warden.

## Background

On November 25, 2014, following the entry of a guilty plea in the United States District Court for the Southern District of Maryland to Count One of the Superseding Indictment, Plaintiff was sentenced to a twenty-one (21) month term of incarceration, followed by a twenty-four (24) months term of supervised release, for

Conspiracy to Commit Wire Fraud Affecting a Financial Institution, a violation of 18 U.S.C. § 1349.  See United States v. Ayoub Luziga, Crim. Action No. 13-cr-00294-007(S.D. Maryland 2013).  No direct appeal or other collateral challenge to Petitioner's sentence has been filed.  Id.

On October 27, 2016, Luziga filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, petition).  He seeks relief on the basis that "his counsel rendered him ineffective assistance of counsel."  Id.

The petition has been given preliminary consideration pursuant to Rue 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977)(In applications for habeas corpus cases not covered by Rule 1, subdivision (a), which addresses application under 28 U.S.C. § 2254, subdivision (b) provides that the rules may be applied at the discretion of the United States district court), as it is the duty of the Court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.  Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).[1]

---

1. Rule 4 provides in relevant part:

> The Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it

For the reasons outlined below, the petition will be dismissed without prejudice to any right Luziga may have to file a § 2255 motion with the District Court for the Southern District of Maryland.

## Discussion

A federal criminal defendant's conviction/sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979).  In the instant case, Luziga is clearly maintaining that his federal conviction violated his constitutional rights.

Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention" (emphasis added).

---

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the Petitioner.

A motion under § 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See Id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), cert. denied, 479 U.S. 993 (1986).

The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046

(1972).  Moreover, the legislative limitations placed on § 2255 proceedings simply

do not render the remedy inadequate or ineffective so as to authorize pursuit of a

habeas corpus petition in this court.  In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir.

1997).  To seek federal post-conviction relief from a judgment of conviction,

persons convicted in federal court are required to bring their collateral attacks

challenging the validity of their conviction and sentence by filing a motion to vacate

sentence pursuant to 28 U.S.C. § 2255, not under 28 U.S.C. § 2241.  Id. at 249.  If a

prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241,

the habeas petition must be dismissed for lack of jurisdiction.  Galante, 437 F.2d at

1165.  The fact that a petitioner's § 2255 motion may be barred by the one year

statute of limitations applicable to such actions does not render that remedy

inadequate or ineffective.  See  Cradle v. United States ex rel. Miner, 290 F.3d 536,

539 (3d Cir.2002); United States v. Brooks, 230 F.3d 643, 647 (3rd Cir.2000); In re

Dorsainvil, 119 F.3d at 251; United States v. Lurie, 207 F.3d 1075, 1077-78 (8th

Cir. 2000); Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999).

Petitioner fails to provide any explanation as to why he did not seek a § 2255

motion with the sentencing court.  It is the Petitioner's burden to prove that § 2255

would be an inadequate or ineffective remedy.  Reyes-Requena v. United States,

243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).  Luziga has not met this burden.

Additionally, Luziga does not claim he is actually innocent of the crime to which he pled guilty, and thus cannot meet the narrow Dorsainvil exception entitling him to § 2241 relief as he has not demonstrated an intervening change in the law which would affect the probability of his innocence.[2]  Thus, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 will be dismissed.

A separate Order will be issued.


DATED: October 31, 2016        /s/ William J. Nealon
                               **United States District Judge**

---

2. In Dorsainvil, the court held that a federal prisoner barred from using a § 2255 motion under the AEDPA standards for successive motions could resort to a § 2241 petition if the prisoner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate . . .." 119 F.3d at 251. The court stressed that the holding was a "narrow one" based on the unusual circumstances presented there. Id. at 251-52.